**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LOUISA CAZAREZ FRAZIER, <br><br> Defendant. | No. CR09-4018-MWB <br><br> **ORDER REGARDING DEFENDANT'S MOTION TO REDUCE SENTENCE** |

This matter is before the court pursuant to the defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) (docket no. 330). In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission."). Additionally, U.S.S.G. §§1B1.10 states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)

> below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § §1B1.10(a)(1); *see also* U.S.S.G. § §1B1.10, comment. (n.1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range.").

The defendant pleaded guilty to conspiracy to distribute 500 grams or more of methamphetamine. Moreover, the defendant does not identify an amendment that is listed in U.S.S.G. § §1B1.10(c). To the extent the defendant believes Amendment 740 applies to him, it is not included in U.S.S.G. § §1B1.10(c). Thus, a reduction under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § §1B1.10 is not warranted. Accordingly, the defendant's motion to reduce sentence is denied.

**IT IS SO ORDERED.**

**DATED** this 11th day of February, 2013.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA